THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NOE A. FLORES, | § | |
| *Plaintiff* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | |
| ROMA INDEPENDENT SCHOOL DISTRICT, | § | |
| LETICIA GARZA-GALVAN, INDIVIDUALLY | § | |
| AND IN HER OFFICIAL CAPACITY AS | § | |
| PRESIDENT OF THE BOARD OF TRUSTEES, | § | |
| LUIS E. GARZA, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| DEPUTY SUPERINTENDANT, | § | |
| CARLOS GUZMAN, INDIVIDUALLY AND | § | |
| IN HIS OFFICIAL CAPACITY AS | § | |
| SUPERINTENDANT, | § | |
| *Defendants* | § | JURY REQUESTED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff, NOE A. FLORES ("Plaintiff"), and files this action against Defendants, ROMA INDEPENDENT SCHOOL DISTRICT, LETICIA GARZA-GALVAN, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS PRESIDENT OF THE BOARD OF TRUSTEES, LUIS E. GARZA, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY SUPERINTENDANT, CARLOS GUZMAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SUPERINTENDANT (collectively "Defendants"), and for cause of action shows as follows:

### I. INTRODUCTION

1.1.    Plaintiff Noe A. Flores's constitutional protections under the First and Fourteenth Amendments of the United States Constitution were violated and he was retaliated against by Defendants for investigating and reporting criminal conduct and refusing to participate in illegal

acts perpetuated by Roma I.S.D School Board President, Leticia Garza-Galvan, Deputy Superintendent Luis Garza, Superintendent Carlos Guzman and other administrators and employees at Roma I.S.D. Plaintiff files this suit against Defendants for violations of 42 U.S.C. Section 1983, whistleblower retaliation under TEX. GOV'T CODE Chapter 554 and wrongful discharge for refusal to commit to illegal act.

## II. PARTIES

2.1.    Plaintiff, NOE A. FLORES is a resident of Starr County, Texas. Plaintiff may be served with any notice in this lawsuit by serving his counsel of record identified herein.

2.2.    Defendant, ROMA INDEPENDENT SCHOOL DISTRICT is a local school district and governmental entity in the State of Texas located in Starr County, Texas. Defendant may be served with process by serving Carlos Guzman, the Superintendent of the Roma Independent School District, at 608 North Garcia Street, Central Office, Roma, Texas 78584.

2.3.    Defendant, LETICIA GARZA-GALVAN is an individual believed to reside in Starr County, Texas. Defendant may be served with process in this lawsuit at 608 North Garcia Street, Central Office, Roma, Texas 78584 or at 3205 Fresno St. Rio Grande City, Texas 78582, or wherever she may be found. Defendant is being sued in her individual capacity and official capacity as president of the Roma Independent School District Board of Trustees.

2.4.    Defendant, LUIS E. GARZA is an individual believed to reside in Starr County, Texas. Defendant may be served with process in this lawsuit at 608 North Garcia Street, Central Office, Roma, Texas 78584 or at 1307 N. Athen St. Roma, Texas 78584, or wherever he may be found. Defendant is being sued in his individual capacity and official capacity as Deputy Superintendent of the Roma Independent School District.

2.5. Defendant, CARLOS GUZMAN is an individual believed to reside in Starr County, Texas. Defendant may be served with process in this lawsuit at 608 North Garcia Street, Central Office, Roma, Texas 78584, or at 2765 Mustang Lane, Roma Texas 78584, or wherever he may be found. Defendant is being sued in his individual capacity and official capacity as Superintendent of the Roma Independent School District.

## III. JURISDICTION AND VENUE

3.1. This Court has subject matter jurisdiction over this matter pursuant to 42 U.S.C. Section 1983 as well as the Due Process Clause of the 14th Amendment of the U.S. Constitution. As such, the Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1331, *et. seq*. This Court has personal jurisdiction over Defendants because all Defendants are residents of the State of Texas and/or are governmental entities in the State of Texas. In addition, this Court has supplemental jurisdiction under 28 U.S.C. Section 1367 over Plaintiff's factually identical claims arising under State law.

3.2. At all times relevant, all of the Defendants to this Complaint have acted or failed to act within the State of Texas, particularly in the McAllen Division of the Southern District of Texas, and the torts and/or injuries alleged in this Complaint arise from those acts and omissions. As a consequence of such acts or omissions, venue is appropriate in the Southern District of Texas, McAllen Division, under 28 U.S.C. Section 1391.

## IV. FACTS

4.1. Plaintiff was a distinguished law enforcement law officer and employed as the Chief of Police for Roma Independent School District ("Roma I.S.D.") for ten and a half years. As Chief of Police, Plaintiff reported directly to the Superintendent of Roma I.S.D.

4.2. During his employment, Plaintiff never received any write-ups or reprimands from his direct supervisor, the Superintendent, and performed his duties with diligence and in accordance with the law. Plaintiff also had a positive relationship with the students of the school district.

4.3. In November of 2015, Plaintiff was called to investigate an allegation of an improper student-teacher relationship. At the inception, Plaintiff noted a peculiar facet of this matter in that even prior to Plaintiff's involvement, Roma I.S.D. administrators had already taken statements from the student, reprimanded the teacher and had reported the matter to Texas Education Agency ("TEA"). In such matters, the school district's policy and the law require investigations by Roma I.S.D. law enforcement. The TEA immediately suspended the teacher's license pending the investigation.

4.4. As was his duty, Plaintiff's investigation included reviewing the student's statements, discussing the matter with other law enforcement officers and communicating with the Starr County District Attorney's Office. During Plaintiff's investigation, Plaintiff discovered discrepancies in the student's statements to administrators and to investigators. After Plaintiff questioned the student, the student informed Plaintiff that the statements regarding the improper relationship were false and that he had lied about the improper relationship with the teacher after having been pressured by the Deputy Superintendent, Luis Garza, and the Roma High School principal, Marissa Belmontes, into making the false allegations against the teacher. On information and belief, the allegations made against the teacher were politically motivated based on opposition to Defendant Leticia Garza-Galvan's election as Roma I.S.D. School Board President.

4.5. As was his duty, Plaintiff, in good faith, reported the matter to the TEA. On January 13, 2016 Plaintiff was contacted by the TEA lead investigator requesting all information relating to the investigation of the allegations of the improper student-teacher relationship. Based on the

information provided by Plaintiff to the TEA, the teacher's license was reinstated. Plaintiff also reported his findings to the Starr County District Attorney's Office.

4.6. The day following Plaintiff's report to the TEA, the Deputy Superintendent, Luis Garza, berated Plaintiff as to why he had followed up with the student on his inconsistent statements when the student had already admitted to the improper relationship to administrators. On January 20, 2016 Plaintiff was called in to a meeting with the Superintendent, Carlos Guzman, and the Deputy Superintendent, Luis Garza, and was told that he was prohibited from continuing to investigate the matter.

4.7. On February 12, 2016 Plaintiff submitted a complaint to the TEA regarding the facts surrounding the student-teacher investigation and other disconcerting issues relating to the Roma I.S.D. administration.

4.8. On March 3, 2016 Plaintiff was terminated by Defendants as Chief of Police. Plaintiff's employment was not terminated based on financial exigency or program change.

4.9. Instead, the facts and the circumstances surrounding Plaintiff's termination clearly show that he was wrongfully terminated in retaliation for reporting and refusing to participate in illegal conduct by Roma I.S.D. administrators.

4.10. Plaintiff was the target of retaliation by Defendants. Defendants intentionally harmed Plaintiff because Plaintiff sought to properly perform his job, including making relevant and material communications with appropriate officials regarding his investigation. When Plaintiff objected and investigated the unlawful conduct of Defendants, the retaliation escalated and eventually ended with Plaintiff being slandered and wrongfully terminated. Plaintiff's protected rights of free speech and due process were also violated. The conduct of Defendants violates state and federal law, the state and federal constitution and, as a result, Plaintiff has suffered damages for which he hereby sues.

4.11. On March 9, 2016 Plaintiff submitted a written notice to the Superintendent

advising of his intent to appeal his termination. The Superintendent refused to accept receipt of Plaintiff's notice and Plaintiff was told that he could not utilize the grievance process because he was no longer a Roma I.S.D. employee. On March 18, 2016 Plaintiff, through his counsel, filed a Level II Grievance/Appeal Notice. According to the Roma I.S.D policy, because Plaintiff's complaint involved a whistleblower complaint and Plaintiff's direct supervisor is the Superintendent, the grievance procedure may begin at Level Two. On March 31, 2016 Plaintiff and his counsel attended a Level Two grievance/appeal conference in which Roma I.S.D. was represented, and Plaintiff's matter was heard and considered, by Defendant Deputy Superintendent Luis Garza, against whom Plaintiff's complaint relates. Not surprisingly, Plaintiff's Level Two grievance/appeal was denied on April 8, 2016. On April 15, 2016 Plaintiff filed a Level Three Notice of Appeal to be heard by the Roma I.S.D. Board of Trustees. Regarding a Level Three Appeal, the Roma I.S.D. policy (Personnel-Management Relations-Employee Complaints/Grievances, DGBA-Local) provides that "[i]f the Board does not make a decision regarding the complaint by the end of the next regularly scheduled meeting, the lack of a response by the Board upholds the administrative decision at Level Two." The Roma I.S.D. Board of Trustees has held various meetings after Plaintiff's Level Three Appeal Notice was filed and Plaintiff's complaint was not considered by the Board. Accordingly, Plaintiff has exhausted all administrative remedies under the Roma I.S.D. internal policy. Alternatively, Roma I.S.D. failed to render a final decision before the 61st day after the date the administrative procedure was initiated by Plaintiff. Accordingly, all administrative remedies have been exhausted and/or Plaintiff filed this lawsuit within the time provided and to the extent allowed by statute. *See* TEX. GOV'T CODE § 554.006(d).

## V. CLAIMS UNDER 42 U.S.C. SECTION 1983

**A. Defendants violated Plaintiff's protected First Amendment rights.**

    5.1.    Plaintiff hereby realleges the previous paragraphs contained herein.

5.2. Plaintiff had a constitutionally protected right to communicate and report criminal conduct by Defendants and other administrators and employees of Roma I.S.D. It is in the public interest that law enforcement and other related officials communicate concerning ongoing investigations. More specifically, it is in the public interest that Plaintiff, as a peace officer and the Chief of Police of Roma I.S.D., and as an informed public citizen, be allowed to perform the task of communicating with other authorities concerning ongoing investigations, particularly those involving students, and any possible wrongdoing by Roma I.S.D. administrators and employees. It is also in the public interest that Plaintiff, acting as an officer and informed public citizen, be able to exercise his authority to properly investigate and report criminal conduct.

5.3. Defendants intentionally acted to stonewall Plaintiff's exercise of his rights as an interested citizen and as a peace officer concerned with the safety of others and Plaintiff's acting in the public's interest. Plaintiff exercised his constitutionally protected right to speak on matters of public concern, specifically communications to the TEA, the Starr County District Attorney's Office and other law enforcement representatives, regarding his investigations. The public has a compelling interest in an informed citizen communicating about these important issues. When Defendants discovered that Plaintiff was engaging in such speech in contravention of their interests, they retaliated against him.

5.4. Further, the individual Defendants, Leticia Garza-Galvan, Luis E. Garza and Carlos Guzman, knew that Plaintiff was right in communicating with the TEA, the District Attorney's Office and other law enforcement representatives concerning the allegations of the improper student-teacher relationship and knew it was improper to thwart Plaintiff's efforts to exercise free speech.

5.5. Because Plaintiff exercised his First Amendment rights, Defendants conspired and retaliated against Plaintiff by taking adverse employment actions, including termination.

5.6. Accordingly, Plaintiff sues Defendants for all damages caused by their conduct,

including without limitation, back and front pay, mental anguish damages and punitive damages.

**B. Defendants violated Plaintiff's protected Fourteenth Amendment rights.**

5.7. Plaintiff hereby realleges the previous paragraphs contained herein.

5.8. Plaintiff has been deprived of protected liberty and property interests without due process of law in contravention of the Fourteenth Amendment of the United States Constitution. Specifically, Plaintiff possessed property interest in continued employment with Roma I.S.D., unless terminated for legal, non-pretextual and work-related reasons. Defendants terminated Plaintiff's employment without any legal justification and without due process of law in contravention of his rights. Individual Defendants, Leticia Garza-Galvan, Luis Garza and Carlos Guzman, knowingly and intentionally participated in the pretextual termination of Plaintiff. These defendants knew that these actions were contrary to law, Roma I.S.D. policy and Plaintiff's rights and nevertheless acted adversely to Plaintiff's rights. The Roma I.S.D. Board of Trustees delegated the authority to direct policy as to Plaintiff and/or ratified the policy to terminate Plaintiff in violation of Plaintiff's protected rights as herein alleged. Defendants' conduct violated both procedural and substantive due process rights afforded by the United States Constitution.

5.9. Accordingly, Plaintiff sues Defendants for all damages caused by their conduct, including without limitation, back and front pay, mental anguish damages and punitive damages.

## VI. CLAIMS UNDER CHAPTER 554 OF TEXAS GOVERNMENT CODE

6.1. Plaintiff hereby realleges the previous paragraphs contained herein.

6.2. Pursuant to Chapter 554 of the Texas Government Code, Plaintiff asserts a cause of action for retaliation against Defendant Roma I.S.D. Plaintiff in good faith reported a violation of law by Defendants and other Roma I.S.D. administrators. As a result, Roma I.S.D. retaliated against Plaintiff by taking adverse employment actions against him, including terminating Plaintiff's employment. Accordingly, Plaintiff sues for actual damages; court costs and reasonable attorney's fees; compensation for wages lost during the period of termination; compensation for

lost fringe benefits; compensation for past pecuniary loss, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other future nonpecuniary losses. *See* TEX. GOV'T CODE §§ 554.003(a), 554.003(b). All administrative remedies have been exhausted and/or Plaintiff filed this lawsuit within the time provided and to the extent allowed by statute. *See* TEX. GOV'T CODE § 554.006.

### VII.  WRONGFUL DISCHARGE FOR REFUSAL TO COMMIT ILLEGAL ACT

7.1.    Plaintiff hereby realleges the previous paragraphs contained herein.

7.2.    As shown herein, Plaintiff was terminated by Defendants for refusal to perform an act(s) that is illegal under criminal law, including without limitation violations of Texas Education Code Sections 37.148 (Right to Report Crime) and Texas Penal Code Sections 37.08 (False Report to Peace Officer Federal Special Investigator, or Law Enforcement Employee), 37.10 (Tampering with Governmental Record), and 39.03 (Official Oppression).  Plaintiff's refusal to commit an illegal act was the reason Defendants terminated Plaintiff's employment. Plaintiff has been adversely affected by Defendants' actions and has suffered damages as a result of such actions for which Plaintiff hereby sues.

### VIII.  INDIVIDUAL LIABILITY

8.1.    Plaintiff hereby realleges the previous paragraphs contained herein.

8.2.    Individual Defendants Leticia Garza-Galvan, Luis Garza and Carlos Guzman acted outside the proper course and scope of their official duties administrators and as members of the board of trustees, in that their individual actions were wholly outside board policy, state regulations, and state and federal laws. These individual defendants conspired to retaliate against Plaintiff and at their direction took adverse actions against Plaintiff.

### IX.  ACTUAL DAMAGES

9.1.    Plaintiff seeks actual damages from Defendants, jointly and severally, for the financial and emotional injuries that he has suffered in the past, and will in all likelihood suffer in

the future, including, but not limited to front pay, back pay, and all compensatory damages including, but not limited to mental anguish damages.

## X. EXEMPLARY DAMAGES

10.1. As shown herein, Defendants' conduct was committed willfully, maliciously and with an actual and subjective intent to commit harm to Plaintiff, warranting the imposition of exemplary damages. Plaintiff is entitled to recover from each of the Defendants exemplary damages in an amount over $1,000,000.00, such amount being left to the sound discretion of the jury, in order to deter Defendants from repeating such wrongful acts in the future.

## XI. EQUITABLE DAMAGES

11.1. Plaintiff seeks recovery of all of his equitable damages from Defendants, jointly and severally, as allowed by law.

## XII. ATTORNEY'S FEES

12.1. Plaintiff has been forced to hire the undersigned attorneys to prosecute this claim on his behalf, and he is entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United States Supreme Court, and costs of Court, pursuant to all federal and state statutory and common law grounds for recovery of same including 42 U.S.C. Section 1988 and TEX. GOV'T CODE Section 554.003.

## XIII. CONDITIONS PRECEDENT AND CAPACITIES

13.1. All conditions precedent necessary for suit and recovery have been performed or have occurred. Plaintiff sues Defendant in all capacities in which he is entitled to recover.

## XIV. REQUEST FOR JURY

14.1. Plaintiff requests that this case be tried by a jury. The appropriate jury fee was paid at the time of filing of this lawsuit.

# **PRAYER FOR RELIEF**

Plaintiff prays that Defendants be cited to appear and answer herein, and for a trial by jury. Upon trial, Plaintiff prays for an award against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief to which Plaintiff may be entitled.

                        Respectfully submitted,

                        By:   /s/ *Mauro F. Ruiz*
                              Mauro F. Ruiz
                              State Bar No. 24007960
                              Federal ID. No. 23774

                        **Attorney-in-Charge for Plaintiff**

OF COUNSEL:

RUIZ LAW FIRM PLLC
118 W. Pecan Blvd.
McAllen, Texas 78501
Telephone: (956) 259-8200
Telecopier: (956) 259-8203
E-mail: mruiz@mruizlaw.com

Benjamin R. Guerra
State Bar No. 24055600
Federal ID No. 896928
BEN GUERRA LAW OFFICE PLLC
902 E. Tyler Ave.
Harlingen, Texas 78550
Telephone:  (956) 428-0300
Telecopier:  (956) 428-0332
E-mail: bguerra@benguerralaw.com